UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON C VARNER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-2795 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Jason C. Varner's petition for a writ of habeas corpus, and Respondent Lorie Davis' motion for summary judgment. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that Respondent's motion should be granted, and Varner's petition should be dismissed.

**I. Background**

Varner is an inmate in the custody of the Texas Department of Criminal Justice. He challenges the results of a prison disciplinary hearing.

Varner filed this federal petition on June 25, 2018. Respondent moved for summary judgment on December 19, 2018. Varner did not respond to the motion.

**II. Background**

On September 9, 2016, Varner was charged with a prison disciplinary offense for exposure of bodily fluids. He was found guilty on September 13, 2016. Varner's Step 1 and Step 2 grievances were denied, but the disciplinary case was eventually overturned by the Texas Department of Criminal Justice and the guilty finding and punishment was removed from Varner's record. *See* Exhibit B to Motion for Summary Judgment.

### III. <u>Analysis</u>

"Under Article III of the Constitution this Court may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). "Mootness has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496(1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of mootness comes the concomitant designation of non-justiciability." *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988)(citations omitted).

Varner's disciplinary case has been overturned and his record expunged. There is therefore no longer any live controversy, and no justiciable claim for relief. Accordingly, the petition must be dismissed.

### IV. <u>Certificate of Appealability</u>

Varner has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also*

*Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where
> . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that Varner's claims for relief are moot. Therefore, Varner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

## V. Order

For the foregoing reasons, it is ORDERED as follows:

1. Respondent Lorie Davis' Motion for Summary Judgment (Doc. # 24) is GRANTED;

2. Jason C. Varner's Petition for Writ Of Habeas Corpus (Doc. # 1) is DISMISSED AS MOOT; and

3. No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on this 28th day of June, 2019.

_____
Kenneth M. Hoyt
United States District Judge